UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JORGE ANIBAL VALLEJO PERALTA,

*Petitioner*,

v. Case No. 3:26-cv-2869-JEP-LLL

WARDEN, NORTH FLORIDA
DETENTION CENTER, et al.,

*Respondents*.
_________________________________/

**ORDER**

Through counsel, Petitioner, a detainee of the United States Immigration and Customs Enforcement, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and seeking immediate release or alternatively, a bond hearing under 8 U.S.C. § 1226. (*See* Doc. 1 at 19–22, 26 (citing *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026))). The Federal Respondents filed a response conceding that Petitioner is entitled to an individualized bond redetermination hearing under 8 U.S.C. § 1226. (*See* Doc. 4 at 1).

Accordingly, it is **ORDERED**:

1. The petition for a writ of habeas corpus (Doc. 1) is **GRANTED** as to Petitioner's claim that his mandatory detention violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a)[2] or release Petitioner. If Respondents release Petitioner, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. Respondent Warden's motion to dismiss (Doc. 5) is **DENIED as moot.**[3]

---

[1] Because the Court grants relief on this claim, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[2] Petitioner is not entitled to immediate release. *See, e.g.*, *Valiente Perez v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2417-KCD-NPM, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "'comfortable majority position'" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release").

[3] After filing the petition, Petitioner was transferred to a detention facility outside of Florida. (*See* Doc. 6 at 7–8).

3. The **Clerk** shall enter judgment granting the petition, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on November 6, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record